1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRIAN D. HARRISON  (Bar No. 157123)
2  JAMISON R. NARBAITZ  (Bar No. 219339)
   One Market Plaza, Steuart Tower, 8th Floor
3  San Francisco, California  94105
   Telephone: (415) 781-7900
4  Facsimile: (415) 781-2635
   Emails: *brian.harrison@sdma.com*
5          *jamison.narbaitz@sdma.com*
   Attorneys for Defendant
6  FIDELITY AND DEPOSIT
   COMPANY OF MARYLAND,
7  incorrectly sued as Fidelity and Deposit
   Insurance Company of Maryland
8

**FILED**

MAY 1 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9            UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

12  E*TRADE FINANCIAL              CASE NO.
    CORPORATION,                   **10 2032**
13                                 **NOTICE OF REMOVAL OF**
         Plaintiff,                **CIVIL ACTION TO UNITED**
14                                 **STATES DISTRICT COURT FOR**
         v.                        **THE NORTHERN DISTRICT OF**
15                                 **CALIFORNIA; DEMAND FOR**
    FIDELITY AND DEPOSIT           **JURY TRIAL**
16  COMPANY OF MARYLAND, and
    DOES 1 through 20, inclusive,
17                                 **[ORIGINALLY SAN FRANCISCO**
         Defendants.               **COUNTY SUPERIOR COURT,**
18                                 **CASE NO. CGC-10-498510]**

19

20

21  TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

22  NORTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT

23  COURT:

24          PLEASE TAKE NOTICE that defendant Fidelity and Deposit Company of

25  Maryland ("Fidelity and Deposit"), incorrectly sued as Fidelity and Deposit

26  Insurance Company of Maryland, hereby removes the above-described action from

27  the Superior Court of the State of California, County of San Francisco, to the

28  United States District Court for the Northern District of California pursuant to the

-1-

1  provisions of 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, and respectfully alleges
2  as follows:

3      1.    On April 9, 2010, plaintiff E*Trade Financial Corporation
4  ("Plaintiff") filed in the Superior Court of the State of California, County of San
5  Francisco, a complaint bearing Case No. CGC-10-498510, which alleges causes of
6  action against Fidelity and Deposit for breach of contract and declaratory relief.

7      2.    Fidelity and Deposit, through its agent for service of process, was
8  served with a copy of the summons and complaint by personal service on April 12,
9  2010. A true and correct copy of the summons and complaint served on F&D (and
10 all other docket materials filed in state court and served with the summons and
11 complaint) is attached to this notice as Exhibit A. Accordingly, Fidelity and
12 Deposit's time for filing a responsive pleading began to run from April 12, 2010.

13     3.    On May 10, 2010, Fidelity and Deposit filed and served its answer to
14 Plaintiff's complaint. A true and correct copy of the answer filed by Fidelity and
15 Deposit is attached hereto as Exhibit B.

16     4.    This action is a civil action in which this Court has original
17 jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this
18 Court by Fidelity and Deposit pursuant to the provisions of 28 U.S.C. § 1441(a),
19 in that it is a civil action wherein the matter in controversy exceeds the sum of
20 $75,000, exclusive of interest and costs, and is between citizens of different states:

21         (a)    Upon information and belief, and as set forth in paragraph 1 of
22 the allegations in the complaint, plaintiff E*Trade Financial Corporation was and
23 is a Delaware corporation with its principal place of business in New York, when
24 it filed the complaint in state court on April 9, 2010 and at the time of this
25 removal.

26         (b)    As set forth in paragraph 2 of the allegations in the complaint,
27 Fidelity and Deposit is an insurance company duly incorporated under the laws of
28 the State of Maryland, with its principal place of business in the State of Illinois.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1693323v1

(c)     As set forth in the prayer for relief following paragraph 42 of the complaint, Plaintiff seeks "compensatory damages in excess of $7,500,000 in an amount to be determined at trial, together with interest thereon at the legal rate." Hence, the matter in controversy satisfies the $75,000 requirement.

WHEREFORE, defendant Fidelity and Deposit gives notice that the above action, now pending against it in the Superior Court of the State of California, County of San Francisco, has been removed therefrom to this Court on the ground of diversity of citizenship.

DATED: May 11, 2010                     Respectfully submitted,

SEDGWICK, DETERT, MORAN
& ARNOLD LLP


By: _____ /S/ _____
        Brian D. Harrison
        Jamison R. Narbaitz
        Attorneys for Defendant
        FIDELITY AND DEPOSIT
        COMPANY OF MARYLAND

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT
AND DEMAND FOR JURY TRIAL

SF/1693323v1

1

## **DEMAND FOR JURY TRIAL**

2       Fidelity and Deposit Company of Maryland hereby demands a trial by jury

3  in this action.

4  DATED:  May 11, 2010                    Respectfully submitted,

5                                          SEDGWICK, DETERT, MORAN
                                           & ARNOLD LLP
6

7
                                           By:_____ /S/ _____
8                                               Brian D. Harrison
                                                Jamison R. Narbaitz
9                                               Attorneys for Defendant
                                                FIDELITY AND DEPOSIT COMPANY
10                                              OF MARYLAND

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP   28

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On May 11, 2010, I served the within document:

> **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; DEMAND FOR JURY TRIAL**

☐ FACSIMILE – by transmitting via facsimile the document listed above to the fax numbers set forth on the attached Telecommunications Cover Page on this date before 5:00 p.m.

☒ **MAIL** – by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ ELECTRONIC MAIL – by emailing the document listed above to the parties set forth below.

☐ PERSONAL SERVICE – by personally delivering the document listed above to the persons at the addresses set forth below.

☐ OVERNIGHT COURIER – by placing the document listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the persons at the addresses set forth below via FedEx.

| | |
|---|---|
| David E. Weiss, Esq.<br>Reed Smith LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105 | *Attorneys for Plaintiff*<br><br>T: (415) 543-8700<br>F: (415) 391-8269 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

////

////

////

-5-

SF/1693323v1

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    I declare under penalty of perjury under the laws of the State of California

2  that the above is true and correct.  Executed on May 11, 2110, at San Francisco,

3  California.

4

5    M. Kate Hilsenbeck

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT
AND DEMAND FOR JURY TRIAL

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Exhibit A

## SUMMONS
### *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** FIDELITY AND DEPOSIT INSURANCE
*(AVISO AL DEMANDADO):* COMPANY OF MARYLAND, and DOES 1
through 20, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** E*TRADE FINANCIAL
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* COPORATION

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*  **C G C 1 0 . 4 9 8 5 1 0**

SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street

San Francisco, CA  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David E. Weiss (SBN 148147)          415-543-8700    415-391-8269
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105

DATE: **APR - 9 2010**   CLERK OF THE COURT Clerk, by _____ **P. NATT** _____, Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Of Maryland  **Fidelity and Deposit Insurance Company**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David E. Weiss (SBN 148147)<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br><br>San Francisco, CA  94105<br>TELEPHONE NO.: 415-543-8700     FAX NO.: 415-391-8269<br>ATTORNEY FOR (Name): E*TRADE Financial Corporation | ENDURSED<br>FILED<br>San Francisco County Superior Court<br><br>APR - 9 2010<br><br>CLERK OF THE COURT<br>BY:     PARAM NATT<br>               Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: E*Trade Financial Corporation vs. Fidelity and Deposit Insurance Company of Maryland, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-10 498510<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [x] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is    [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management: *provisionally complex*
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 2 - breach of contract; declaratory judgment
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:
David E. Weiss (SBN 148147)                      ▶ David E Weiss  by MMP
           (TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

statistics about the types and numbers of ~~~~~ filed. You must complete items 1 through ~~~~~ sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**

Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*



  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

1  David E. Weiss (SBN 148147)
   Jessica M. Perry (SBN 244932)
2  REED SMITH LLP
   101 Second Street
3  Suite 1800
   San Francisco, CA 94105
4
   Telephone:   +1 415 543 8700
5  Facsimile:   +1 415 391 8269
6  Attorneys for Defendant
   E*TRADE Financial Corporation
7

**ENDORSED**
**FILED**
San Francisco County Superior Court

APR - 9 2010

**CLERK OF THE COURT**
BY: _____ **PARAM NATT**
                    Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SEP 1 0 2010  9:00 AM

DEPARTMENT 212

8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                 FOR THE CITY AND COUNTY OF SAN FRANCISCO
11

| | |
|---|---|
| E*TRADE FINANCIAL CORPORATION, | Case No. **CGC-10-498510** |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT; DEMAND FOR JURY TRIAL** |
| vs. | |
| FIDELITY AND DEPOSIT INSURANCE COMPANY OF MARYLAND, and DOES 1 through 20, inclusive | **AMOUNT DEMANDED EXCEEDS $10,000** |
| Defendants. | **UNLIMITED JURISDICTION** |

17      Plaintiff E*TRADE Financial Corporation ("E*TRADE"), complaining of Defendants,

18  alleges as follows:

19                 **THE PARTIES, JURISDICTION, AND VENUE**

20      1.      E*TRADE is a corporation organized and existing pursuant to the laws of the State of

21  Delaware, with its principal place of business in New York, New York, and is licensed to do

22  business and is doing business in California.

23      2.      Upon information and belief, Defendant Fidelity and Deposit Company of Maryland

24  ("Fidelity") is a corporation organized under the laws of the State of Maryland, with its principal

25  place of business in the State of Illinois.  Fidelity has conducted business in California at all times

26  relevant to this complaint.

27      3.      Upon information and belief, all of the insurance policies listed below were procured

28  by E*TRADE, and delivered to E*TRADE, at its then place of business located in Rancho Cordova,

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

– 1 –

California. The underlying liability suit for which E*TRADE seeks coverage in this action was filed in the State of California, and therefore performance under defendants' insurance policies is sought in this venue. Upon information and belief, the insurance policies at issue in this case were negotiated, brokered, issued, and/or delivered in California.

## E*TRADE'S INSURANCE COVERAGE

### The Fidelity Policies

4.     Defendant Fidelity issued to E*TRADE at least the following "Financial Institution Advantage Policy, Commercial General Liability Coverage" primary insurance policies covering the liability suit for which insurance coverage is sought in this case the ("Fidelity Primary Policies"):

| Policy Number | Policy Period |
| --- | --- |
| CLP 0001076—3 | 12/31/2002-12/31/2003 |
| CLP 0001076-04 | 12/31/2003–12/31/2004 |
| CLP 0001076-05 | 12/31/2004–12/31/2005 |
| FIA 1002764-00 | 12/31/2005–12/31/2006 |

5.     The Fidelity Primary Policies provide various types of liability coverage, including "Personal and Advertising Injury Liability" coverage.

6.     Among other things, the Fidelity Primary Policies provide that Fidelity will pay on behalf of E*TRADE "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury'" and will "defend the insured against any 'suit' seeking those damages." The Fidelity Primary policies further provide that the insurance "applies to 'personal and advertising injury' caused by an offense arising out of" E*TRADE's business."

7.     The Fidelity Primary Policies define "personal and advertising injury" to mean "oral or written publication, in any manner, of material that violates a person's right of privacy."

8.     Each Fidelity Primary Policy provides limits of liability in the amount of $1 million per occurrence, $1 million personal and advertising injury, and $2 million general aggregate. Expenses incurred by Fidelity to defend E*TRADE for any "suit" do not reduce the limits of liability available under the Fidelity Primary Policies.

9.    Defendant Fidelity issued to E*TRADE at least the following umbrella and catastrophe policies covering the liability suit for which insurance coverage is sought in this case (the "Fidelity Umbrella and Catastrophe Policies"):

| Policy Number | Policy Period |
| --- | --- |
| CCL0006830-03 | 12/31/2002-12/31/2003 |
| CCL 0006830-04 | 12/31/2003–12/31/2004 |
| UMB 4275779-06 | 12/31/2004–12/31/2005 |
| UMB 4275779-07 | 12/31/2005–12/31/2006 |

10.    The Fidelity Umbrella and Catastrophe Policies provide various types of excess liability coverage, including "Umbrella Liability Insurance" coverage.

11.    Among other things, the Fidelity Umbrella and Catastrophe Policies provide that Fidelity will pay on behalf of E*TRADE "sums as damages the insured becomes legally obligated to pay by reason of liability imposed by law . . . because of . . . personal and advertising injury" which "arises out of" E*TRADE's business and "takes place during the policy period of this policy and is caused by an occurrence happening anywhere." The Fidelity Primary policies further provide that the insurance "applies to 'personal and advertising injury' caused by an offense arising out of" E*TRADE's business.

12.    The Fidelity Umbrella and Catastrophe Policies define "personal and advertising injury" to mean "oral or written publication, in any manner, of material that violates a person's right of privacy." The Policies also define an "occurrence" to mean "a covered offense."

13.    Each Fidelity Umbrella and Catastrophe Policy provides limits of liability in the amount of $25 million per occurrence and $25 million general aggregate. Expenses incurred by Fidelity to defend E*TRADE for any "suit" do not reduce the limits of liability available under the Fidelity Umbrella and Catastrophe Policies.

14.    E*TRADE is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. E*TRADE will amend the complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

1   defendants is a liability insurer that issued one or more policies of liability insurance to E*TRADE

2   that provides coverage for the underlying liability suit.

3       15.   E*TRADE on its part has duly performed and complied with all the terms and

4   conditions of the Fidelity Primary Policies and Fidelity Umbrella and Catastrophe Policies to be

5   performed by it and is entitled to the full benefits and protections provided by the Fidelity Policies.

6   To the extent that Defendant Fidelity contends that E*TRADE has failed to comply with one or

7   more policy terms or conditions, Defendant Fidelity, by its conduct, has waived the right to rely on

8   said policy terms and conditions and/or is estopped to rely on them.

9                           **THE UNDERLYING LITIGATION**

10      16.   On or about October 11, 2006, Nikki Greenberg ("Plaintiff Greenberg") filed a Class

11  Action Complaint for Damages entitled *Nikki Greenberg, and all those similarly situated v. E-Trade*

12  *Financial Corporation*, Los Angeles Superior Court, Case No. BC360152 ("Greenberg Action").

13  On or about September 17, 2007, Plaintiff Greenberg filed a First Amended Complaint.

14      17,   In the Greenberg Action, the Plaintiff alleged that E*TRADE "without informing

15  consumers or obtaining their consent and permission to do so . . . engaged in a practice of

16  monitoring, recording, and/or eavesdropping on consumers' telephone conversations with

17  employees" of E*TRADE.

18      18.   The Greenberg Action purported to state claims on behalf of "members of a class

19  whose telephone conversations with certain employees" of E*TRADE "were, without the knowledge

20  or consent of plaintiffs, eavesdropped upon, bugged, wiretapped and/or recorded by" E*TRADE.

21      19.   The Greenberg Action alleged, in this regard, that employees at E*TRADE's call

22  center and financial centers "were directed, trained and instructed to, and did, record, monitor and/or

23  eavesdrop upon telephone conversations with consumers." It was alleged that E*TRADE installed

24  certain devices that "were maintained and utilized to overhear, record, and bug each and every

25  telephone conversation" placed by consumers to the E*TRADE call center and financial centers.

26      20.   The Greenberg Action further alleged that during the course of these telephone

27  conversations with E*TRADE employees, "plaintiffs revealed the most sensitive of identifying

28  personal and financial information" and they did so "with a reasonable expectation of privacy in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

those telephone conversations."

21.     The Greenberg Action further alleged that "each of the aforesaid telephone communications, and the recordings thereof, were disseminated by and between the defendants, and each of them, listened to by and between the defendants, and each of them, and were otherwise willfully distributed and disclosed by and between the defendants, and each of them. . . ."

22.     The complaint alleged that the practice of monitoring, recording, and/or eavesdropping on consumers' telephone conversations violated, *inter alia*, "plaintiffs' common law right of privacy and California Penal code Section 630, et. seq."

23.     The acts of E*TRADE at issue in the Greenberg Action were alleged to have been performed or occurred at an E*TRADE call center located in Rancho Cordova, California and seven Financial Centers throughout California located in Beverly Hills, Costa Mesa, La Jolla, Monterey Park, Palo Alto, San Francisco, and Torrance.

24.     On February 2, 2008, the Hon. Carolyn B. Kuhl, Judge of the Los Angeles Superior Court, certified a class action in the Greenberg Action defined as follows: (1) All persons in California who received telephone calls from E*TRADE and whose calls were recorded without their consent within three years of October 11, 2006; and (2) All persons who made calls from California to the Beverly Hills branch office of E*TRADE on august 17, 2006.

**E*TRADE'S DEMAND FOR INSURANCE COVERAGE AND DEFENDANTS' BREACH**

25.     E*TRADE promptly notified Defendant Fidelity regarding the Greenberg Action and requested that it acknowledge its obligations to provide coverage, including the obligation to defend E*TRADE in the Greenberg Action.

26.     On or about November 21, 2006, E*TRADE, through its authorized broker, notified Defendant Fidelity of the Greenberg Action and requested coverage.

27.     On or about January 29, 2007, Defendant Fidelity provided E*TRADE with a written response to its request for coverage.  In this correspondence, Defendant Fidelity stated that it would defend the Greenberg Action subject to a reservation of rights and that the "allegations in the Greenberg action involve potential violations of the right of privacy referred to in subsection (e) of the definition of 'personal and advertising injury' in the F&D policy."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

28.     On or about April 24, 2007, Defendant Fidelity provided E*TRADE with correspondence regarding coverage under one of its umbrella policies. In this correspondence, Defendant Fidelity referred E*TRADE to its January 29, 2007 letter, and stated that it was taking the same coverage position under its umbrella coverage as it was taking under its primary coverage. In particular, the letter stated that "[t]he allegations in the Greenberg action involve potential violations of the right of privacy as referred to in subsection (c) of the definition of 'personal and advertising injury' in the F &D policy. The allegations also allege an occurrence as defined in (9)(b)."

29.     On or about July 23, 2008, Defendant Fidelity sent E*TRADE a letter that purported to "supplement its January 29, 2007 and April 24, 2007 reservation of rights letters." In this letter, Defendant Fidelity did not state that it was withdrawing its agreement to defend the Greenberg Action. Yet, Defendant Fidelity stated it had no duty to and would not indemnify E*TRADE against the claims that were certified for class treatment in the February 2, 2008 Order on Plaintiff's Motion for Class Certification.

30.     Thereafter, settlement negotiations in the Greenberg Action commenced focused on the claims that were certified for class treatment, including a mediation in November 2008. During the time that the settlement negotiations were ongoing, Defendant Fidelity continued to wrongfully assert that the allegations in the Greenberg Action that were certified for class treatment did not fall within the coverage provisions of the Fidelity policies and that it would not contribute to any settlement of such claims or cover any judgment. At all times, counsel for E*TRADE continued to keep Defendant Fidelity apprised of settlement negotiations in the Greenberg Action, despite Defendant Fidelity's denial of its coverage obligations with regard to the claims that were the subject of the settlement discussions.

31.     On or about February 13, 2009, E*TRADE advised Defendant Fidelity that it reached a tentative settlement of the class action claims in the Greenberg Action, and E*TRADE demanded that Defendant Fidelity indemnify it for the settlement. On or about February 19, 2009, Defendant Fidelity stated that it would not agree to fund any part of the Greenberg Action settlement and reiterated its position that the class action claims in the Greenberg Action were not covered under its policies.

COMPLAINT FOR BREACH OF CONTRACT AND FOR DECLARATORY RELIEF

32.     E*TRADE settled the Greenberg Action by agreeing, among other things, to pay the sum of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) to be used to pay all financial consideration to the class members who submit valid and timely claim forms, the compensation to the class representative, and all attorneys' fees and costs.  The settlement class included "(1) all persons in California, Florida, Maryland, Massachusetts, Nevada, New Hampshire, Pennsylvania, and Washington who received telephone calls from E*TRADE and whose calls were recorded without notice or consent between September 3, 2003 and May 22, 2009; and (2) all persons who made telephone calls from California, Florida, Maryland, Massachusetts, Nevada, New Hampshire, Pennsylvania, or Washington to the Beverly Hills branch office of E*TRADE on August 15 and/or 16, 2006."  The Court in the Greenberg Action issued its Final Order Approving Class Action Settlement and Judgment on or about October 16, 2009.  Pursuant to the Final Order, $1,925,733.00 from the settlement fund was to be paid to the plaintiffs' counsel for attorney's fees and costs, and $15,000 was to be paid to the class representative.

## FIRST CAUSE OF ACTION

(Breach of Contract)

33.     E*TRADE alleges and incorporates by reference each of the allegations made herein in Paragraphs 1 through 32, inclusive.

34.     By the terms of the Fidelity Policies, Fidelity agreed that it would indemnify E*TRADE for "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury,'" including damages as a result of any "oral or written publication, in any manner, of material that violates a person's right of privacy."  The plaintiffs in the underlying Greenberg Action alleged that E*TRADE was legally liable for "personal and advertising injury" covered under the terms of the Fidelity Policies.

35.     Prior to its settlement of the Greenberg Action, E*TRADE requested that Defendant Fidelity indemnify it for the settlement of the Greenberg Action.  In response, Defendant Fidelity refused to comply with its obligations to its insured and, instead, repudiated its contractual obligations by taking the position that there was no coverage for the class action claims in Greenberg Action under its policies.  As a result of said conduct, Defendant Fidelity breached its contractual

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   obligations to E*TRADE in as much as it has refused to pay the Greenberg Action settlement.

2       36.     As a direct result of said breach of contract, as alleged herein, E*TRADE has been

3   deprived of the benefits of the insurance coverage for which it paid substantial premiums, and has

4   been required to pay substantial costs in connection with the settlement of the Greenberg Action.

5       37.     By reason of said breach, as alleged herein, E*TRADE has suffered damage in at

6   least the amount of $7.5 million, plus additional expenses and costs and interest.  E*TRADE will

7   amend its complaint to set forth with precision the amount of its total damages when ascertained.

8                       **SECOND CAUSE OF ACTION**

9                           (Declaratory Relief)

10      38.     E*TRADE realleges and incorporates by reference each of the allegations made

11  herein in Paragraphs 1 through 32, inclusive.

12      39.     An actual controversy exists between and among E*TRADE and Defendant Fidelity

13  concerning their respective rights and obligations under the Fidelity Policies regarding coverage for

14  the Greenberg Action.

15      40.     E*TRADE contends and desires a judicial determination and declaration pursuant

16  Code of Civil Procedure Section 1060 that, by the terms of the Fidelity Policies, Defendant Fidelity

17  has the obligation and duty to indemnify E*TRADE for those sums which it has expended to settle

18  the Greenberg Action, and a declaration that the various defenses to coverage raised by Defendant

19  Fidelity are without merit.

20      41.     E*TRADE is informed and believes, and on that basis alleges, that the contentions of

21  Defendant Fidelity concerning their obligations under the Fidelity Policies with respect to the

22  Greenberg Action are in conflict with E*TRADE's contentions.

23      42.     E*TRADE desires a judicial determination of the respective rights and duties of the

24  parties and a declaration that its contentions, as set forth above, are correct.  Such a declaration is

25  necessary and proper at this time in order that all the parties will be bound by the same interpretation

26  of the Fidelity Policies and may determine their rights and obligations among themselves, and so as

27  to avoid the multiplicity of actions that would otherwise be necessary.

28      WHEREFORE, E*TRADE prays for judgment as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

1  WITH RESPECT TO THE FIRST CAUSE OF ACTION:

2       1.    For compensatory damages in excess of $7,500,000 in an amount to be determined at

3  trial, together with interest thereon at the legal rate.

4  WITH RESPECT TO THE SECOND CAUSE OF ACTION:

5       2.    That this Court enter a declaratory judgment pursuant to Code of Civil Procedue

6  Section 1060, adjudging that Defendant Fidelity has the obligation and duty to indemnify E*TRADE

7  for those sums which it has expended to settle the Greenberg Action, and a declaration that the

8  various defenses to coverage raised by Defendant Fidelity are without merit.

9  WITH RESPECT TO ALL CAUSES OF ACTION

10       3.    For its costs of suit incurred herein; and

11       4.    For such other and further relief as the Court may deem just and proper.

12

13  DATED:  April 9, 2010                REED SMITH LLP

14

15                                  By
                                  David E. Weiss
                                  Attorneys for Plaintiff
                                  E*TRADE Financial Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT FOR BREACH OF CONTRACT AND FOR DECLARATORY RELIEF

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐   **Private Mediation**      ☐   **Mediation Services of BASF**   ☐   **Judicial Mediation**
☐   **Binding arbitration**                                             Judge _____
☐   **Non-binding judicial arbitration**                           Judge _____
☐   **BASF Early Settlement Program**
☐   **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| | | |
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| | | |
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐   *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|

*(Check one):*   ☐ UNLIMITED CASE         ☐ LIMITED CASE
                          (Amount demanded              (Amount demanded is $25,000
                          exceeds $25,000)               or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                Dept.:              Div.:              Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone,  by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint      *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

  e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
  a.   ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b.   Reservation of rights:   ☐ Yes   ☐ No
  c.   ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy   ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
  a.   ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b.   ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*



# Superior Court of California
## County of San Francisco



HON. JAMES J. MCBRIDE
PRESIDING JUDGE

# Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Tomar Mason
The Honorable Anne-Christine Massullo
The Honorable Ronald Quidachay

The Honorable A. James Robertson, II
The Honorable Jeffrey S. Ross
The Honorable John K. Stewart
The Honorable Richard Ulmer
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

03/2010 (rw)

# MEDIATION SERVICES



**MEDIATION SERVICES**

## PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:

# www.sfbar.org/mediation

QUESTIONS?

## adr@sfbar.org or 415-982-1600

**EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS**

- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Fee Disputes
- Financial
- Gay/Lesbian/Bisexual/Transgender Issues
- Government
- Insurance
- Intellectual Property
- Intra-Organizational
- Labor
- Landlord/Tenant
- Land Use
- Malpractice:
- Legal-Medical-Professional
- Partnership Dissolutions
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- Women's Issues
- And more...

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Can Use the Service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

## Who Are the Mediators?

Experienced mediation professionals are available to assist in most areas of dispute, ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation provides photographs, short biographies and hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30+ panels, just contact us at adr@sfbar.org; it is very likely we can match your need with one of our panelists.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time*. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money*. Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative*. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress*. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation*. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible*. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying*. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)   Judicial Arbitration
2)   Mediation
3)   The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



# FILED

San Francisco County Superior Court

OCT 2 3 2007

GORDON PARK-LI, Clerk

BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:                                     )
                                           )
    COMPLEX LIGITATION          )
                                           )   **AMENDED GENERAL ORDER RE:**
                                           )   **PROCEDURE FOR APPROVAL OF**
                                           )   **COMPLEX LITIGATION DESIGNATION**
                                           )
                                           )   The Honorable Richard A. Kramer
                                           )
                                           )
                                           )
                                           )

This Order shall apply to any case designated as a Complex Case on the Civil Case Cover Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco Superior Court. As to all such cases:

1. The fee(s) required by California Government Code section 70616 shall be paid upon filing such designation.

2. No case shall be assigned to the Complex Litigation Department until an Application For Approval of Complex Litigation Designation has been made in accordance with this Order, and the Court has ordered the case so assigned.

-1-

3.  An Application for Approval of Complex Designation should be made as early in the case as is feasible and must set forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq.*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4.  A Complex Case Designation which does not comply with this Order may be deemed denied without further order.

5.  Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6.  Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 70616(a) or (b). *See* Cal. Gov. Code § 70616(d).

7.  This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated:  October 23, 2007

The Honorable Richard A. Kramer

CASE N. 'MBER: CGC-10-498510  E*TRADE FINANCIAL CORPORATION VS. FIDELITY AND [

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **SEP-10-2010** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

Exhibit B



1    SEDGWICK, DETERT, MORAN & ARNOLD LLP
      BRIAN D. HARRISON  (Bar No. 157123)
2    JAMISON R. NARBAITZ  (Bar No. 219339)
      One Market Plaza, Steuart Tower, 8th Floor
3    San Francisco, California  94105
      Telephone: (415) 781-7900
4    Facsimile: (415) 781-2635
      Emails: brian.harrison@sdma.com
5             jamison.narbaitz@sdma.com

6    Attorneys for Defendant
      FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
7    incorrectly sued as Fidelity and Deposit Insurance Company of Maryland

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

11    E*TRADE FINANCIAL CORPORATION,       CASE NO. CGC-10-498510

12             Plaintiff,                 **DEFENDANT FIDELITY AND DEPOSIT**
                                      **COMPANY OF MARYLAND'S ANSWER**
13                                      **TO COMPLAINT FOR DECLARATORY**
            v.                       **RELIEF AND BREACH OF CONTRACT**
14

15    FIDELITY AND DEPOSIT INSURANCE
      COMPANY OF MARYLAND, and DOES
      1 through 20, inclusive,
16

17             Defendants.

18

19           COMES NOW defendant Fidelity and Deposit Company of Maryland ("Fidelity and

20    Deposit"), incorrectly sued as Fidelity and Deposit Insurance Company of Maryland, and, in

21    answer to plaintiff's unverified complaint on file herein, alleges as follows:

22                           **GENERAL DENIAL**

23          Pursuant to the provisions of the Code of Civil Procedure § 431.30, Fidelity and Deposit

24    generally and specifically denies each and every, all and singular, conjunctively and

25    disjunctively, the allegations contained in plaintiff's complaint, and each and every part thereof,

26    and each and every cause of action therein, and further specifically denies that plaintiff has

27    suffered any damage in the sum or sums alleged, or in any other sum, or in any sum at all, or is

28    otherwise entitled to any relief.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1693326v1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Fidelity and Deposit alleges that the complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against it.

### SECOND AFFIRMATIVE DEFENSE

Fidelity and Deposit alleges that the complaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The claims against Fidelity and Deposit in the complaint, and each and every cause of action therein, are barred in whole or in part by the terms, definitions, exclusions, conditions, limitations, and endorsements contained in the insurance policies which are the subject of the complaint.

### FOURTH AFFIRMATIVE DEFENSE

Fidelity and Deposit alleges that, if the complaint or any of its allegations were not brought in good faith pursuant to California Code of Civil Procedure § 128.7 or Rule 11 of the Federal Rules of Civil Procedure, Fidelity and Deposit is entitled to and will seek reasonable expenses, including attorneys' fees, incurred in defending the action, and any verdict should be adjusted accordingly.

### FIFTH AFFIRMATIVE DEFENSE

In the event that plaintiff breached its contract(s) with Fidelity and Deposit, it cannot recover from Fidelity and Deposit or, alternatively, its recovery against Fidelity and Deposit must be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Fidelity and Deposit must be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

Fidelity and Deposit has at all times exercised due care concerning any actions, conduct, or other matters alleged in the complaint, or any purported claim asserted therein.

SF/1693326v1

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of any actions taken by Fidelity and Deposit, and plaintiff is thus barred from asserting the complaint, or any purported claim, against Fidelity and Deposit.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of unclean hands, laches, waiver, and estoppel.

## TENTH AFFIRMATIVE DEFENSE

Fidelity and Deposit and its representatives, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, plaintiff is barred from any recovery in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Fidelity and Deposit alleges that the complaint and each cause of action therein fail to state sufficient facts to constitute a valid claim for "costs of suit" and "such other and further relief as the Court may deem just and proper".

## TWELFTH AFFIRMATIVE DEFENSE

Fidelity and Deposit alleges that plaintiff's damages, if any, were caused by the negligence and fault of others than Fidelity and Deposit, and that such fault on the part of others proximately and concurrently caused or contributed to the loss and damages complained of by plaintiff, if any there were.

## THIRTEENTH AFFIRMATIVE DEFENSE

Fidelity and Deposit alleges that plaintiff has failed to set out its claims with sufficient particularity to permit Fidelity and Deposit to raise all appropriate defenses and, thus, Fidelity and Deposit reserves its rights to add additional defenses as a factual basis for these claims becomes known.

WHEREFORE, defendant Fidelity and Deposit Company of Maryland prays for judgment as follows:

1.  That plaintiff takes nothing by reason of the complaint;

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1       2.     That Fidelity and Deposit be awarded costs of suit herein, including attorneys'

2  fees; and

3       3.     Such other and further relief as the court deems just and proper.

DATED:  May 10, 2010

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
    Brian D. Harrison
    Jamison R. Narbaitz
    Attorneys for Defendant
    FIDELITY AND DEPOSIT
    COMPANY OF MARYLAND

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On May 10, 2010, I served the within document:

DEFENDANT FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT

☐   FACSIMILE – by transmitting via facsimile the document listed above to the fax numbers set forth on the attached Telecommunications Cover Page on this date before 5:00 p.m.

☒   MAIL – by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐   ELECTRONIC MAIL – by emailing the document listed above to the parties set forth below.

☐   PERSONAL SERVICE – by personally delivering the document listed above to the persons at the addresses set forth below.

☐   OVERNIGHT COURIER – by placing the document listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the persons at the addresses set forth below via Overnite Express.

David E. Weiss, Esq.
**Reed Smith LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105

*Attorneys for Plaintiff*

T: (415) 543-8700
F: (415) 391-8269

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 10, 2010, at San Francisco, California.

M. Kate Hilsenbeck

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP