1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    BRIAN D. HARRISON  (Bar No. 157123)
2   One Market Plaza, Steuart Tower, 8th Floor
    San Francisco, California  94105
3   Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
4   Email: *brian.harrison@sdma.com*

5   Attorneys for Defendant and Counter-claimant
    FIDELITY AND DEPOSIT
6   COMPANY OF MARYLAND,
    incorrectly sued as Fidelity and Deposit
7   Insurance Company of Maryland

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  E*TRADE FINANCIAL                    CASE NO. 10 2032 CW
12  CORPORATION,

13          Plaintiff,                   **STIPULATION PERMITTING FIDELITY
                                         AND DEPOSIT COMPANY OF
14      v.                               MARYLAND TO FILE COUNTERCLAIM
                                         FOR DECLARATORY RELIEF AND
15  FIDELITY AND DEPOSIT COMPANY         REIMBURSEMENT; [PROPOSED]
    OF MARYLAND, and DOES 1 through      ORDER THEREON**
16  20, inclusive,

17          Defendants.

18

19

20          TO THE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21  THIS STIPULATION is entered into by and between plaintiff E*Trade Financial Corporation

22  ("E*Trade") and defendant Fidelity and Deposit Company of Maryland ("F&D"), by and through

23  their attorneys of record.

24          WHEREAS, on April 9, 2010, E*Trade filed a complaint against F&D in the San

25  Francisco Superior Court, asserting claims for breach of contract and declaratory relief;

26          WHEREAS, on May 10, 2010, F&D filed an answer to E*Trade's complaint;

27          WHEREAS on May 11, 2010, F&D filed for removal of E*Trade's action to this Court;

28          WHEREAS, F&D seeks leave to file a counterclaim for declaratory relief and

1    reimbursement;

2           WHEREAS, counsel for F&D has discussed the proposed pleading with counsel for

3    E*Trade, and E*Trade has reviewed the proposed pleading and has no objection to F&D filing

4    the proposed counterclaim;

5           WHEREAS, a copy of the proposed counterclaim is attached hereto as Exhibit A;

6           NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 15(a)(2), the parties

7    jointly request and HEREBY STIPULATE that F&D is permitted to file its counterclaim as

8    described above, and F&D shall file its counterclaim no later than seven (7) days after the

9    Court's entry of order granting leave to amend.

10   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

11   DATED:  August 16, 2010              SEDGWICK, DETERT, MORAN & ARNOLD LLP

12
                                         By:  _____/s/_____
13                                            BRIAN D. HARRISON
                                              Attorneys for Defendant
14                                            FIDELITY AND DEPOSIT COMPANY OF
                                              MARYLAND
15

16
     DATED:  August  16, 2010             REED SMITH LLP
17

18                                        By:  _____/s/_____
                                              DAVID E. WEISS
19                                            Attorneys for Plaintiff
                                              E*TRADE FINANCIAL CORPORATION
20

21

22                                  **[PROPOSED] ORDER**

23          Pursuant to the stipulation of the parties, and good cause appearing therefor,

24   **IT IS SO ORDERED.**   F&D shall file its counterclaim within seven days of the entry of this

25   order.

26   DATED:   8/24/2010

27                                        _____
                                          THE HONORABLE CLAUDIA WILKEN
28                                        UNITED STATES DISTRICT JUDGE

STIPULATION PERMITTING F&D TO FILE COUNTERCLAIM

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRIAN D. HARRISON  (Bar No. 157123)
2  One Market Plaza, Steuart Tower, 8th Floor
   San Francisco, California  94105
3  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
4  Email: *brian.harrison@sdma.com*

5  Attorneys for Defendant and Counter-claimant
   FIDELITY AND DEPOSIT
6  COMPANY OF MARYLAND,
   incorrectly sued as Fidelity and Deposit
7  Insurance Company of Maryland

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11

12  E*TRADE FINANCIAL
    CORPORATION,

13             Plaintiff,

14       v.

15  FIDELITY AND DEPOSIT COMPANY
    OF MARYLAND, and DOES 1 through
16  20, inclusive,

17             Defendants.

18  _____

19  FIDELITY AND DEPOSIT
    COMPANY OF MARYLAND,

20             Counter-claimant,

21       v.

22  E*TRADE FINANCIAL
    CORPORATION,

23

24             Counter-defendant.

25

CASE NO. 10 2032 CW

**COUNTERCLAIM FOR DECLARATORY
RELIEF AND REIMBURSEMENT**

**[JURY DEMAND INDORSED HEREIN;
Fed. R. Civ. P. 38]**

26

27

28

-1-

Error! Unknown

NOW COMES defendant and counter-claimant Fidelity and Deposit Company of Maryland ("F&D"), incorrectly sued as Fidelity and Deposit Insurance Company of Maryland, and, for its counterclaim against plaintiff and counter-defendant E*Trade Financial Corporation ("E*Trade") alleges as follows:

<u>JURISDICTION AND VENUE</u>

1.      This is an action containing claims by F&D for declaratory judgment and reimbursement.  Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.      Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(a) and (c) in that the counter-defendant is subject to personal jurisdiction in this district at the time the action is commenced, the insurance policies at issue were entered into in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

<u>PARTIES</u>

3.      F&D is a corporation organized and incorporated under the laws of the State of Maryland with its principal place of business in the State of Illinois.  At pertinent times, F&D was authorized to transact and was transacting the business of insurance in the State of California.

4.      On information and belief, F&D alleges that E*Trade is a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York, and it is authorized to do business and is doing business in the State of California.

<u>GENERAL ALLEGATIONS</u>

A.      <u>The F&D Policies</u>

5.      F&D issued to E*Trade four Commercial General Liability policies as follows: (a) a policy bearing Policy No. CLP 0001076-3 for the policy period of December 31, 2002 to December 31, 2003 ("02/03 CGL policy"); (b)  a policy bearing Policy No. CLP 0001076-04 for the policy period of December 31, 2003 to December 31, 2004 ("03/04 CGL policy"); (c) a

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Error! Unknown

1  policy bearing Policy No. CLP 0001076-05 for the policy period of December 31, 2004 to

2  December 31, 2005 ("04/05 CGL policy"); and (d) a policy bearing Policy No. FIA 1002764-00

3  for the policy period of December 31, 2005 to December 31, 2006 ("05/06 CGL policy"),

4  (collectively, "the F&D CGL policies"). Each of the F&D CGL policies provides limits of $1

5  million per occurrence, $1 million personal and advertising injury, and $2 million general

6  aggregate.  The F&D CGL policies were issued subject to all of the terms, conditions,

7  limitations, exclusions, and endorsements contained therein.

8       6.    The F&D CGL policies provide, in relevant part, in the insuring agreement under

9  Coverage B as follows:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply . . . .

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

17      7.    Under Coverage B, the F&D CGL policies provide definitions, in relevant part, as

18  follows:

    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    *  *  *

    e.    Publication, in any manner, of material that violates a person's right of privacy [per Electronic Data Liability Amendment Endorsement];

    *  *  *

25      8.    Under the "Exclusions" section of Coverage B, the F&D CGL policies provide, in

26  relevant part, as follows:

27      This insurance does not apply to:

28      a.    "Personal and advertising injury":

-3-

   (1)   Caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

* * *

   (4)   Arising out of a criminal act committed by or at the direction of any insured;

9.   The F&D 05/06 CGL policy also contains a "Violation of Communication or Information Law Exclusion" endorsement which provides, in relevant part, as follows:

"Bodily injury," "property damage" or "personal and advertising injury" resulting from or arising out of any actual or alleged violation of:

A. the federal Telephone Consumer Protection Act (47 U.S.C. §227), Drivers Privacy Protection Act (18 U.S.C. §2721 — 2725) or Controlling the Assault of Non-Solicited Pornography and Marketing Act (15 U.S.C. §7701, *et seq.*); or

B. any other federal, state or local statute, regulation or ordinance that imposes liability for the:

(1) Unlawful use of telephone, electronic mail, internet, computer, facsimile machine or other communication or transmission device; or

(2) Unlawful use, collection, dissemination, disclosure or re-disclosure of personal information in any manner by any insured or on behalf of any insured.

10.   F&D also issued to E*Trade four Commercial Umbrella Liability Policies as follows: (a) a policy bearing Policy No. CCL 0006830-03, for the policy period of December 31, 2002 to December 31, 2003 ("02/03 Umbrella policy"); (b) a policy bearing Policy No. CLP 0006804-04 for the policy period of December 31, 2003 to December 31, 2004 ("03/04 Umbrella policy"); (c) a policy bearing Policy No. UMB 4275779-06 for the policy period of December 31, 2004 to December 31, 2005 ("04/05 Umbrella policy"); and (d) a policy bearing Policy No. UMB 4275779-09 for the policy period of December 31, 2005 to December 31, 2006 (the "05/06 Umbrella policy"), (collectively, "the F&D Umbrella policies"). Each of the F&D Umbrella policies provides limits of $25 million per occurrence and $25 million general aggregate. The F&D Umbrella policies were issued subject to all of the terms, conditions, limitations, exclusions, and endorsements contained therein.

11.   The F&D Umbrella policies provide, in relevant part, in the insuring agreements as follows:

SEDGWICK
DETERT, MORAN & ARNOLD LLP

-4-

Error! Unknown

A.      Coverage A - Excess Follow Form Liability Insurance

Under Coverage A, we will pay on behalf of the insured, those damages covered by this insurance in excess of the total applicable limits of underlying insurance. With respect to Coverage A, the terms and conditions of underlying insurance are made a part of this policy, except with respect to:

1.      Any contrary provision contained in this policy; or

2.      Any provision in this policy for which a similar provision is not contained in underlying insurance.

With respect to the exceptions stated above, the provisions of this policy will apply.

Notwithstanding anything to the contrary contained above, if underlying insurance does not apply to damages, for reasons other than exhaustion of applicable limits of insurance by payment of claims, then Coverage A does not apply to such damages.

B.      Coverage B - Umbrella Liability Insurance

Under Coverage B, we will pay on behalf of the insured, sums as damages the insured becomes legally obligated to pay by reason of liability imposed by law or assumed under an insured contract because of bodily injury, property damage, or personal and advertising injury covered by this insurance but only if the injury, damage or offense arises out of your business, takes place during the policy period of this policy and is caused by an occurrence happening anywhere. We will pay such damages in excess of the Retained Limit specified in Item 5. of the Declarations or the amount payable by other insurance, whichever is greater.

Coverage B will not apply to any loss, claim or suit for which insurance is afforded under underlying insurance or would have been afforded except for the exhaustion of the limits of insurance of underlying insurance.

The amount we will pay for damages under Coverage A or Coverage B is limited as described in SECTION II.  LIMITS OF INSURANCE.

We have no obligation under Coverage A and/or Coverage B with respect to any settlement made without our consent.

12.     The F&D Umbrella policies provide definitions, in relevant part, as follows:

"Occurrence" means:

*   *   *

b.      With respect to personal and advertising injury, a covered offense. All damages that arise from the same act, publication or general conditions are considered to arise out of the same occurrence, regardless of the frequency or repetition thereof, the number or kind of media used or the number of claimants.

*   *   *

"Personal and advertising injury" means injury, including consequential bodily

1    injury, arising out of one or more of the following offenses:

2    * * *

3    e.    Oral or written publication, in any manner, of material that violates a
     person's right of privacy;

4    * * *

5

6    B.    The *Greenberg* Action

7        13.    On or about October 11, 2006, E*Trade was named as a defendant in an action

8    entitled *Nikki Greenberg, and those similarly situated v. E-Trade Financial Corporation,* Case

9    No. BC360152, in the Superior Court of California, in and for the County of Los Angeles (the

10   "*Greenberg* Action").

11       14.    The complaint in the *Greenberg* Action contained causes of action for invasion of

12   statutory right of privacy under Penal Code Sections 631, 632, 632.5, or 637, negligence,

13   violation of common law right of privacy, and violation of California Business & Professions

14   Code Section 17200.  The complaint in the *Greenberg* Action alleged, in part, that E*Trade

15   "without informing consumers or obtaining their consent and permission to do so … engaged in

16   a practice of monitoring, recording, and/or eavesdropping on consumers' telephone conversations

17   with employees" of E*Trade.

18       15.    On or about November 22, 2006, E*Trade tendered the *Greenberg* Action to F&D

19   under the 05/06 CGL policy.

20       16.    On or about January 29, 2007, F&D agreed to pay for a defense of E*Trade in the

21   *Greenberg* Action, with a full reservation of rights under Coverage B of the policy, because the

22   *Greenberg* action involves potential violation of the right of privacy as provided in subsection (e)

23   of the definition of "personal and advertising injury" of the policy.

24       17.    E*Trade also tendered the *Greenberg* Action to F&D under the 05/06 Umbrella

25   policy.

26       18.    On or about April 24, 2007, F&D sent a letter to E*Trade, stating that F&D was

27   taking the same coverage position under Coverage A of the F&D Umbrella policy as it took

28   under the F&D CGL policy subject to a full reservation of rights.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Error! Unknown

19.     On or about September 19, 2007, Greenberg filed a first amended complaint in the *Greenberg* Action alleging the same causes of action as pled in the original complaint.

20.     On or about November 27, 2007, the court sustained a demurrer in the *Greenberg* Action without leave to amend as to the alleged violation of Business & Professions Code Section 17200.

21.     On or about January 15, 2008, the court denied plaintiff's motion for class certification in the *Greenberg* Action as to the alleged violation of California Penal Code Section 631, common law invasion of privacy, negligence and California Business & Professions Code Section 17200, but the court granted the plaintiff's motion for class certification as to the violation of California Penal Code Section 632 for certain calls.

22.     On or about February 7, 2008, the court issued an order granting in part and denying in part plaintiff's motion for class certification. The order, in part, provides:

> A class is certified as to the claims for violation of California Penal Code, section 632, as there are common questions of fact and law.
>
> The class will be defined as follows:
>
> (1)   All persons in California who received telephone calls from E*Trade Financial and whose calls were recorded without their consent within three years of October 11, 2006; and
>
> (2)   All persons who made calls from California to the Beverly Hills branch office of E*Trade Financial on August 17, 2006.
>
> The motion for class certification as to claims made for violation of Penal Code, sec. 631 is denied.

23.     On or about July 23, 2008, F&D sent E*Trade a letter stating that F&D is denying coverage "for any judgment or settlement for damages arising from alleged violations of Penal Code § 632, on the grounds that such damages do not arise from publication of material that violates a person's right or privacy, as required by the F&D policies." The letter further said that "F&D continues to reserve its right to seek reimbursement of any and all costs, fees, and expenses in defending the *Greenberg* lawsuit allocable to claims that were never covered under the F&D policies."

24.     On or about August 12, 2008, F&D sent E*Trade a letter stating that it will

-7-

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Error! Unknown

1    continue to defend E*Trade in the *Greenberg* action subject to a reservation to seek

2    reimbursement of all costs and fees that can be allocated to non-covered claims, and stating that

3    there is no coverage for any judgment or settlement of damages arising from alleged violations of

4    California Penal Code Section 632 because there is no publication that would trigger coverage

5    under the F&D policies.

6         25.    On or about November 17, 2008, F&D sent E*Trade a letter stating, "The class in

7    the *Greenberg* lawsuit has been certified only for damages resulting from violation of Penal Code

8    § 632.  Section 632 prohibits the recording upon a confidential communication.  Proof of

9    recording without consent is sufficient to establish recovery – publication is not an element and

10   there is no requirement or necessity that the class members provide that their private

11   conversation was published.  *Kimmel v. Goland*, 51 Cal. 3d 202 (1990).  Further, there is no

12   evidence or allegation that any publication of the phone calls has in fact taken place.  As stated

13   by E*Trade in its own motion to decertify the class, the class "claims" involve the mere

14   recording of conversations, not their dissemination to others."

15        26.    On or about December 19, 2008, F&D sent a letter to E*Trade stating that F&D

16   has no indemnity obligation for the class that had been certified in the *Greenberg* Action, that it

17   will not offer to contribute toward a settlement at that time, and that it reserves the right to seek

18   reimbursement of monies expended in the defense of claims that are not covered.  In that letter,

19   F&D asked E*Trade to continue to advise F&D of all settlement communications and

20   negotiations.  The letter further states that "[s]hould the parties reach a point in negotiations

21   where there is a small gap remaining between them, F&D does not rule out possibly agreeing to

22   make a small contribution from an economic standpoint only.".

23        27.    On or about February 12, 2009, E*Trade sent a letter to F&D advising that

24   E*Trade had reached an agreement to settle the *Greenberg* Action for $7.5 million, subject to the

25   court's approval of the amount and E*Trade's payment of all related administrative fees and

26   costs. The letter demands that F&D provide full indemnification under its respective policies.

27        28.    On or about February 19, 2009, F&D sent a letter to E*Trade stating that F&D

28   declined to fund the settlement for all of the reasons set forth in its November 17, 2008

-8-

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Error! Unknown

1  correspondence.  The letter further said that: "E*Trade made the decision to settle the lawsuit

2  without notifying F&D in advance of any settlement or offers.  For example, F&D did not learn

3  of E*Trade's offer until February 3, 2009, after the offer was already made to the plaintiff class.

4  Each of the F&D policies contains a "voluntary payments" clause, which substantially provides

5  that E*Trade will not, except at its own cost, voluntarily make a payment, assume any obligation,

6  or incur any expense, without F&D consent.  E*Trade's settlement in this matter was made

7  without F&D's knowledge or consent."  The letter also said that, "F&D was and is defending the

8  *Greenberg* lawsuit.  When a carrier is defending, even under a reservation of rights, it has a right

9  to settle or not settle a case if it wishes, and the insured cannot frustrate that right.  *New*

10  *Hampshire Ins. Co. v. Rideout Roofing Co.*, 68 Cal. App. 4th 495, 501-502 (1998).  See also,

11  *Dynamic Concepts v. Truck Ins. Exchange*, 61 Cal. App. 4th 999, 1012 (1998) (insured had no

12  legal business to stonewall carrier which offered a defense from settlement negotiations).

13  E*Trade's unilateral decision to settle the case is its own choice, and creates no indemnity

14  obligation under the F&D policies."

15       29.    On or about October 16, 2009, the court entered a final order approving the class

16  action settlement and judgment in the *Greenberg* Action.

17  <u>FIRST CAUSE OF ACTION</u>

18  (Declaratory Judgment That No Duty to Indemnify in the *Greenberg* Action)

19       30.    For its first cause of action, F&D incorporates herein by reference, as if fully

20  restated, paragraphs 1 to 29 above.

21       31.    For the reasons outlined above, F&D contends that it had no duty to indemnify

22  E*Trade for the amount of the settlement and judgment entered in the *Greenberg* Action.

23       32.    On information and belief, E*Trade contends that F&D had an obligation to

24  indemnify E*Trade as respect to the settlement and judgment entered into in the *Greenberg*

25  Action.

26       33.    An actual controversy has arisen and now exists between F&D and E*Trade

27  concerning their respective rights and duties under the F&D CGL and Umbrella policies.

28       34.    F&D desires a judicial determination of its rights and liabilities, if any, and a

-9-

FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S
COUNTERCLAIM FOR DECLARATORY RELIEF AND REIMBURSEMENT

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Error! Unknown

1   declaration that it had no duty to indemnify E*Trade as respect to the settlement and judgment

2   entered against E*Trade in the *Greenberg* Action.

3       35.     A judicial determination is necessary and appropriate at this time under the

4   circumstances in order that the parties may ascertain their rights and duties as aforementioned.

5   Such controversy is incapable of resolution without judicial adjudication.  Accordingly, F&D has

6   no plain or speedy or adequate remedy at law, and requests a declaratory judgment, adjudicating

7   and declaring that F&D had no duty to indemnify E*Trade as respect to the judgment entered

8   against E*Trade in the *Greenberg* Action.

9                            SECOND CAUSE OF ACTION

10                                (Reimbursement)

11      36.     For its second cause of action, F&D incorporates herein by reference, as if fully

12   restated paragraphs 1 to 35 above.

13      37.     On or about February 7, 2008, the court certified the class in the *Greenberg*

14   Action only as to claims for violation of California Penal Code Section 632.  Thus, E*Trade's

15   defense in the *Greenberg* Action from that date forward was solely attributable to defending

16   against the California Penal Code Section 632 claim.  Since there is no potential for coverage for

17   violations of California Penal Code Section 632, F&D had denied coverage "for any judgment or

18   settlement for damages arising from alleged violations of Penal Code § 632."

19      38.     Since the F&D CGL and Umbrella policies provide no potential for coverage for

20   the California Penal Code Section 632 claims asserted against E*Trade in the underlying action,

21   F&D is entitled to reimbursement from E*Trade of the sums paid by F&D for the defense of

22   E*Trade for those claims, in an amount in excess of $500,000, to be proven at trial, under the

23   authority of *Buss v. Superior Court*, 16 Cal. 4th 35 (1997) and *Blue Ridge Ins. Co. v. Jacobsen*,

24   25 Cal. 4th 489 (2001).

25                              PRAYER FOR RELIEF

26      WHEREFORE, counter-claimant F&D prays for judgment as follows:

27      1.     For a declaration that, by reason of the terms, conditions, and exclusions in the

28   F&D CGL and Umbrella policies, no duty to indemnify is owed E*Trade for the amount of the

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Error! Unknown

1    settlement and judgment entered in connection with the *Greenberg* Action.

2         2.      For a declaration that the sums paid by F&D for costs and fees to defend E*Trade

3    in the *Greenberg* Action that are attributable to claims that are not potentially covered under the

4    F&D CGL and Umbrella policies must be reimbursed by E*Trade.

5         3.      For reimbursement from E*Trade of the sums paid by F&D for costs and fees to

6    defend E*Trade in the *Greenberg* Action that are attributable to claims not potentially covered

7    under the F&D CGL and Umbrella policies;

8         4.      On all causes of action, for interest, including prejudgment interest;

9         5.      On all causes of action, for costs herein and;

10        6.      For such other and further relief as the court deems to be just and proper.

11

12   DATED: August __, 2010               Respectfully submitted,

13                                        SEDGWICK, DETERT, MORAN
                                          & ARNOLD LLP
14

15

16                                        By:_____
                                            Brian D. Harrison
17                                          Attorneys for Defendant and Counter-claimant
                                          FIDELITY AND DEPOSIT
18                                        COMPANY OF MARYLAND

19                              DEMAND FOR JURY TRIAL

20        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, F&D hereby demands a jury

21   trial for this action.

22

23   DATED: August __, 2010               SEDGWICK, DETERT, MORAN
                                          & ARNOLD LLP
24

25                                        By:_____
26                                          Brian D. Harrison
                                            Attorneys for Defendant and Counter-claimant
27                                        FIDELITY AND DEPOSIT
                                          COMPANY OF MARYLAND
28

-11-

Error! Unknown

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP